UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL JONES,

        Plaintiff,

v.

INGHAM COUNTY CORRECTIONAL
FACILITY et al.,

        Defendants.
_____/

Case No. 1:24-cv-251

Honorable Jane M. Beckering

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim and as frivolous.

**Discussion**

**I.**    **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. The

events about which he complains, however, occurred at the Ingham County Correctional Facility in Mason, Michigan. Plaintiff sues the Ingham County Correctional Facility and Ingham County Deputy Justin Hagerman. (Compl., ECF No. 1, PageID.1, 2.)

In Plaintiff's complaint, he states, in sum:

> On or about March 11th 2020 deputy Justin Hagerman threw my personal property in the trash; my Nike running shoes were supposed to be a part of my packing slip for prison property room. I never received a packing slip once I arrived to Charles Egler Facility in Jackson, MI. He also threw several books away as well.

(*Id.*, PageID.3 (no corrections made).)[1]

The Court construes Plaintiff's complaint to raise a Fourteenth Amendment due process claim. As relief, Plaintiff seeks "the grand prize," which the Court construes as a request for monetary damages. (*Id.*, PageID.4.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] The Court notes that according to the MDOC's Offender Tracking Information System (OTIS), Plaintiff was sentenced in his criminal case in Ingham County on March 11, 2020. OTIS, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=617568 (last visited Mar. 18, 2024).

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Statute of Limitations

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985). This means that for civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Under federal law,

the statute of limitations "begins to run when the plaintiff knows or has reason to know" of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220 (citation omitted).

Here, Plaintiff asserts that on March 11, 2020, Defendant Hagerman threw away Plaintiff's personal property, explaining that Plaintiff's property was "supposed to be a part of [his] packing slip for [the] prison property room," but Plaintiff "never received a packing slip" when he arrived at the Charles Egeler Reception & Guidance Center (RGC), an MDOC facility, in Jackson, Michigan. (Compl., ECF No. 1, PageID.3.) Plaintiff does not indicate when he arrived at RGC. However, even accounting for some delay between March 11, 2020, and his arrival at RGC, Plaintiff's complaint, which he filed in March of 2024, is well past Michigan's three-year limit.

Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* Mich. Comp. Laws § 600.5851(9). And, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, 39 F. App'x 205, 207 (6th Cir. 2002). Furthermore, even assuming that it took Plaintiff multiple months to exhaust his administrative remedies for this claim, tolling the limitations period during this time, Plaintiff's claims regarding events in March of 2020 would remain untimely. *See Brown v. Morgan*, 209 F.3d 595, 596–97 (6th Cir. 2000)

Accordingly, for these reasons, Plaintiff's action is untimely. Moreover, even if Plaintiff's complaint was not untimely, Plaintiff's complaint would be subject to dismissal for all of the reasons set forth below.

### B.    Merits of Plaintiff's Claims

#### 1.    Defendant Ingham County Correctional Facility

Plaintiff sues the Ingham County Correctional Facility. (Compl., ECF No. 1, PageID.1.) However, the Ingham County Correctional Facility is a building, not an entity capable of being

sued in its own right. *See, e.g.*, *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) ("The McCracken County Jail is not a legal entity susceptible to suit . . .[; i]t is a department of the county . . . ."). Accordingly, for this reason alone, Defendant Ingham County Correctional Facility can be dismissed. Furthermore, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, even if the Court assumes that Plaintiff intended to sue Ingham County, rather than the Ingham County Correctional Facility, as explained below, he fails to state a claim.

Ingham County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). "Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (citing *Monell*, 436 U.S. at 692).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department. *See Monell*, 436 U.S. at 690. Moreover, the United States Court of Appeals for the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.*

5

Here, Plaintiff's allegations against Ingham County essentially rest on a theory of vicarious liability and therefore do not state a claim. Plaintiff fails to allege the existence of a policy. And, to the extent that Plaintiff suggests the existence of a custom regarding the packing of inmates' property, his allegations are wholly conclusory. To show that a governmental entity has an unlawful custom, a plaintiff must show the existence of "practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61. Plaintiff's allegations do not show a widespread pattern. Further, to the extent that Plaintiff intended to suggest such a pattern, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (2007). Plaintiff therefore fails to state a claim against Ingham County.

Accordingly, for all of the reasons set forth above, the Court will dismiss Plaintiff's claims against the Ingham County Correctional Facility.

### 2. Defendant Hagerman

Plaintiff alleges that Defendant Hagerman threw away his personal property on March 11, 2020, including Plaintiff's Nike shoes and books. (Compl., ECF No. 1, PageID.3.) The Court construes this allegation as raising a Fourteenth Amendment due process claim. However, Plaintiff's claim that Defendant Hagerman deprived him of property without due process of law is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).

Under *Parratt*, an individual deprived of property by a "random and unauthorized act" of a state employee cannot maintain a federal due process claim unless the state fails to afford an adequate post-deprivation remedy.[2] *Cf. Riddle v. Kent Cnty. Sheriff's Dep't*, No. 1:08-cv-1228,

---

[2] The Court notes that in *Hudson v. Palmer*, 468 U.S. 517 (1984), a case that, among other things, applied the doctrine in *Parratt*, the inmate was incarcerated at a county correctional facility in

2009 WL 365239, at *5–6 (W.D. Mich. Feb. 11, 2009) (concluding that the plaintiff's Fourteenth Amendment due process claim against Kent County officials was barred by *Parratt*); *Winquist v. Macomb Cnty. Sheriff Mace Unit*, No. 15-13234, 2016 WL 3900781, at *6–7 (E.D. Mich. June 20, 2016) (applying *Parratt* in a case against Macomb County officials), *report and recommendation adopted*, No. 15-13234, 2016 WL 3878458 (E.D. Mich. July 18, 2016). If an adequate post-deprivation remedy exists, the deprivation, while real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This doctrine applies to both negligent and intentional deprivations of property, as long as the deprivation was not pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Plaintiff must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). The Sixth Circuit has noted that an inmate's failure to sustain this burden requires dismissal of his § 1983 due process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Here, Plaintiff fails to allege that his state post-deprivation remedies are inadequate. Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments or officers." Mich. Comp. Laws § 600.6419(1)(a); *cf. Riddle*, 2009 WL 365239, at *5–6 (concluding that Michigan has adequate post-deprivation remedies, including "actions in the court of claims asserting tort or contract claims for money damages," barring a due process claim against Kent County officials for the deprivation of property (citation omitted)); *Winquist*, 2016 WL 3900781, at *6–7 (concluding the same in a case against Macomb County officials). The Sixth Circuit has specifically held that Michigan provides adequate

---

Bland County, Virginia. Therefore, the fact that Defendant Hagerman worked at the Ingham County Correctional Facility does not change the applicability of *Parratt*.

post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff alleges no reason why a state-court action would not afford him complete relief for the deprivations, either negligent or intentional, of his personal property.

Accordingly, Plaintiff fails to state a Fourteenth Amendment due process claim against Defendant Hagerman.

### III. Duplicative Filing

In addition to the above-discussed reasons for dismissal of this action, Plaintiff's action is subject to dismissal as duplicative of prior cases filed by Plaintiff, which remain pending in this Court.

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (citations omitted). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

In addition, courts have held that a complaint that merely repeats pending or previously litigated claims may be dismissed on PLRA screening as frivolous or malicious. *See, e.g.*, *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious); *Cato v. United*

*States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous when the complaint "merely repeats pending or previously litigated claims" (citations omitted)); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (finding that it is "malicious" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that it was appropriate to dismiss a civil rights suit by a prison inmate where the suit was duplicative of facts and allegations made in a previously dismissed suit, and merely named a different defendant whose actions formed a partial basis for the previous suit); *Hahn v. Tarnow*, No. 06-cv-12814, 2006 WL 2160934, at *3–7 (E.D. Mich. July 31, 2006).

A complaint is duplicative and subject to dismissal if the claims, parties, and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See, e.g.*, *Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case).

Here, Plaintiff's claim regarding the loss of his personal property and the failure to issue him a packing slip on March 11, 2020, is presented in two of Plaintiff's prior actions, both of which are pending in this Court: (i) *Jones v. MDOC et al.*, No. 1:24-cv-120 (W.D. Mich.),[3] and (ii) *Jones v. People of the State of Michigan et al.*, No. 1:24-cv-217 (W.D. Mich.).[4]

---

[3] In action no. 1:24-cv-120, Plaintiff names Justin Hagerman as a defendant, but he does not name the Ingham County Correctional Facility as a defendant. *See* Am. Compl., *Jones v. MDOC et al. Jones v. MDOC et al.*, No. 1:24-cv-120 (W.D. Mich. Mar. 11, 2024), (ECF No. 7). The claim presented in the instant action is otherwise identical to the property deprivation claim presented in action no. 1:24-cv-120.

[4] In action no. 1:24-cv-217, Plaintiff names the Ingham County Jail as a defendant, but he does not name Justin Hagerman as a defendant. *See* Compl., *Jones v. People of the State of Mich. et al.*,

Considering the substantial similarities between the legal claims and factual allegations in the present action and in Plaintiff's prior actions, the Court concludes that the present complaint is duplicative of Plaintiff's prior complaints with regard to all of Plaintiff's present claims. Therefore, pursuant to the Court's inherent power and the screening provisions of the PLRA, Plaintiff's complaint is subject to dismissal on the grounds that it is wholly duplicative and, therefore, frivolous.

### Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim and as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   March 27, 2024                            /s/ Jane M. Beckering
                                                   Jane M. Beckering
                                                   United States District Judge

---

No. 1:24-cv-217 (W.D. Mich. Feb. 28, 2024), (ECF No. 1). The claim presented in the instant action is otherwise identical to the property deprivation claim presented in action no. 1:24-cv-217.